Submitted May 28, 2020; conviction on Count 5 reversed and remanded, remanded for resentencing, otherwise affirmed March 24; petition for review denied July 29, 2021 (368 Or 511)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ZIRIMWABAGABO TSHIASUMA MUTARA,
aka Zirimwabaga Mutara,
aka Zirimwabaga Tshasuma Mutara,
*Defendant-Appellant.*

Multnomah County Circuit Court
17CR46156; A168909

483 P3d 1221

Thomas M. Ryan, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Brett J. Allin, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Colm Moore, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Shorr, Judge, and Powers, Judge.

PER CURIAM

Conviction on Count 5 reversed and remanded; remanded for resentencing; otherwise affirmed.

## PER CURIAM

Defendant appeals from a judgment of conviction for harassment (Count 2), reckless driving (Count 3), recklessly endangering another person (Count 4), and interfering with a peace officer (Count 5). Defendant raises five assignments of error. We reject defendant's first and second assignments without written discussion. In his third and fourth assignments, defendant assigns error to the trial court's instructions to the jury that it could reach a nonunanimous verdict and that only 10 of 12 jurors needed to concur as to the factual theory for each count. In his fifth assignment, defendant assigns error to the court's acceptance of a nonunanimous verdict on Count 5. The jury reached unanimous verdicts on Counts 2 through 4 but voted 10 to two to convict on Count 5.

The state concedes that the trial court erred in entering a conviction on Count 5 following a nonunanimous verdict on that count, citing *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020). We agree and accept the state's concession. Defendant maintains that all of his convictions, including those for which the jury reached a unanimous verdict, must be reversed because the court's error in instructing the jury was "structural error" that requires automatic reversal on all counts regardless of whether the error was harmful. We reject that argument for the reasons stated in *State v. Flores Ramos*, 367 Or 292, 478 P3d 515 (2020), in which the Supreme Court concluded that an erroneous nonunanimous jury instruction was not structural error and was harmless with respect to unanimous verdicts.

In addition to defendant's assignments of error concerning nonunanimous jury instructions and verdicts, defendant has asserted an assignment that "[t]he trial court erred when it instructed the jury that only 10 of 12 jurors needed to concur as to the factual theory for each count." He did not preserve any such argument in the trial court and develops no argument in his briefing to us that is specific to this assignment of error. His combined argument on all of these assignments of error concerns the Sixth Amendment to the United States Constitution, and he offers no support

for the proposition that the Sixth Amendment or any other constitutional provision requires juror concurrence as to the factual theory on each count. *See generally Schad v. Arizona,* 501 US 624, 632, 111 S Ct 2491, 115 L Ed 2d 555 (1991) ("[T]here is no general requirement that the jury reach agreement on the preliminary factual issues which underlie the verdict." (Citations omitted.)); *State v. Pipkin*, 354 Or 513, 524-26, 316 P3d 255 (2013) (discussing lack of constitutional underpinnings to Oregon's jury-concurrence jurisprudence). We do not foreclose the argument in support of that proposition. However, in the absence of any developed argument on the issue, we reject this assignment of error without further discussion.

Conviction on Count 5 reversed and remanded; remanded for resentencing; otherwise affirmed.